UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NAPOLEON KUDZAYI JAMBWA,

Petitioner,

v.

WARDEN OF THE DESERT VIEW ANNEX DETENTION FACILITY, et al.,

Respondents.

Case No. 5:26-cv-04357-PD

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING RELEASE**

**A# 242-203-544**

Napoleon Kudzayi Jambwa ("Petitioner") filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking a bond hearing or immediate release from Respondents' custody at the Desert View Annex detention facility in Adelanto, California. Dkt. No. 1. The court has considered the Petition, Respondents' Answer, and Petitioner's reply. Dkt. Nos. 9, 12.

## I. Background

The Court incorporates by reference, the allegations set forth in the Petition. Dkt. No. 1.

## II. Discussion

The Petition raises three claims: (1) Petitioner's detention was an abuse of discretion under the Administrative Procedure Act ("APA"); (2) his detention also violated the APA because it was in excess of statutory authority; and (3) his detention violated procedural due process under the Fifth Amendment.

Regarding the due process claim, Petitioner argues that he acquired a liberty interest because the government did not detain him after his B-1 visa expired on May 3, 2024, and "thus acquiesced to his continued liberty." Petition ¶ 68 (quoting *Tello Vazquez v. Mullin*, No. C26-2039-KKE, 2026 WL 1911507 at *2 (W.D. Wash. July 2, 2026) (finding that due process required a pre-detention hearing for noncitizen with expired visa who was not a flight risk or danger)).

Respondents contend that Petitioner is currently detained under 8 U.S.C. § 1226(a), and because he was never previously detained, his only potential available remedy is a bond hearing under § 1226(a), pursuant to *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). Dkt. No. 9. Respondents also argue that to the extent Petitioner has not requested such a bond hearing, he has not exhausted his administrative remedies.

The Court disagrees for the following reasons.

### A. Procedural Due Process

Courts in this District have found that re-detention, without notice or a pre-deprivation hearing, of a noncitizen who had been released on conditions shortly after their entry into the United States and had complied fully with those conditions, violated procedural due process. *See Cruz v. Lyons, et al.*, No. 5:25-cv-02879-MCS-MBK, 2025 WL 4051129 (C.D. Cal. Nov. 6, 2025)

(granting temporary restraining order releasing noncitizen who had been paroled into the United States and was re-arrested at appointment with USCIS); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *1 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026) (granting petition for noncitizen who had been paroled in the United States and was re-arrested at ICE check-in).

Courts have extended this principle to noncitizens who have lived at liberty in the United States while their immigration proceedings are pending, pursuant to the Government's implicit decision not to detain them. *See Gagik T. v. Chestnut, et al.*, No. 1:26-cv-04337-MWJS, 2026 WL 1837413 (E.D. Cal. June 25, 2026) (granting release to noncitizen who entered the United States on a visitor visa, applied for asylum, was granted employment authorization, and remained out-of-custody for six years); *Kharitonova v. Albarran*, No. 3:26-CV-01362-JSC, 2026 WL 531441 at *2 (N.D. Cal. Feb. 25, 2026) ("Although the government did not detain and then release her, it made a decision *not* to detain her in the first place; Petitioner thus has the same liberty interest in her continued freedom as an individual initially detained."). *See also Abdeltawab v. Armant*, No. EDCV 26-01520-MWF (DTB), 2026 WL 1045564 at *1 (C.D. Cal. Apr. 13, 2026) (preliminary injunction granting release and finding liberty interest for noncitizen whose removal proceedings were administratively closed, was granted employment authorization, and then was arrested by immigration authorities for the first time).

As in these cases, the Court considers Petitioner's procedural due process claim under the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). The *Mathews* test balances three factors:

> First, the private interest that will be affected by the official action; second the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the

> fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335.

### 1. Private Interest

Petitioner has a substantial private interest in remaining out of custody. Petitioner has resided in the United States for roughly three years since he arrived on a B-1 visa on July 10, 2023. He then filed an asylum application in August 2023. His visa expired after May 3, 2024. In 2024, Petitioner filed an application for work authorization, which was granted and is valid until February 2029. In 2024, Petitioner began dating his now-wife, who is a U.S. citizen; they married in August 2025 and live in Florida. Shortly after getting married, Petitioner filed an alien relative application. Both his asylum application and alien relative application are currently pending. Petitioner is a "world-class drummer" who performs for the Center for Arts, Migration and Entrepreneurship, among other organizations. In fact, when Petitioner was arrested by Immigration and Customs Enforcement ("ICE") at the Los Angeles International Airport on July 18, 2026, he was returning home to Florida with his wife; he had just completed a work trip in Los Angeles where he met with younger professional musicians and provided marimba instruction. Petition at 9–10.[1] Petitioner asserts he has no criminal history and does not present a flight risk, has strong community ties in Florida, and has held gainful employment since arriving in the United States. *Id.* at 11.

Although the government has not previously detained or released Petitioner, the Court finds that Petitioner acquired a liberty interest because the government implicitly acquiesced to his continued release when it did not

---

[1] The Court uses the page numbers inserted into the pleadings by the Court's electronic docketing system.

detain him after his visa expired and instead granted him employment authorization while his asylum claim was pending; there is also no evidence that Petitioner poses a flight risk or danger. *See Tello Vazquez*, 2026 WL 1911507, at *2 (finding that noncitizen with expired visa for five years, but who was never previously detained, and had no evidence that he was a flight risk or danger, had a strong liberty interest); *Carriollo v. Albarran*, No. 3:26-cv-05836-JSC, 2026 WL 1734895 at *2 (N.D. Cal. June 16, 2026) ("That the government has not sought to detain Petitioner over the past six years while his immigration applications have been pending reflects a determination by the government that he was neither a flight risk nor a danger to the community, and Petitioner has a strong interest in remaining at liberty unless he no longer meets those criteria.").

**2. Risk of Erroneous Deprivation**

With respect to the second *Mathews* factor, "[t]here is an unacceptably high risk that the government would erroneously deprive—or already has erroneously deprived—Petitioner of her liberty interest absent a pre-detention hearing." *Cruz*, 2025 WL 4051129 at *4. The "primary" purpose of immigration detention is to ensure a noncitizen's presence at removal proceedings or for removal, with a "secondary" purpose of preventing danger to the community. *Zadvydas v. Davis,* 533 U.S. 678, 697 (2001). But Petitioner has not been afforded any process to determine whether his detention in fact advances either purpose.

In evaluating this risk, courts that have ordered release and a pre-deprivation hearing have considered the petitioner's compliance with all release conditions and criminal history. *See e.g., Calderon v. Kaiser*, No. 25-CV-06695-AMO, 2025 WL 2430609 at *2 (N.D. Cal. Aug. 22, 2025) (noting that petitioner who was released on her own recognizance did not violate the conditions of her release which included reporting for any hearing or

interview); *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) ("Petitioner has no criminal history and indicates that he has attended every check-in and court hearing since he arrived in the United States."); *De Vasquez v. Chestnut*, No. 1:25-CV-1999-JDP, 2026 WL 25539 at *4 (E.D. Cal. Jan. 5, 2026) (noting that since release, "there has been no indication that [petitioner] has become a flight risk or danger to the community").

Here, Petitioner has no criminal history that would suggest he is a danger or flight risk. Respondents do not contend that changed circumstances prompted Petitioner's detention or that he is now a danger or flight risk. *See Abdeltawab*, 2026 WL 1045564, at *2 (C.D. Cal. Apr. 13, 2026) ("The risk [of erroneous deprivation] is especially pronounced here, where there is no reason to believe that Petitioner is or has been previously determined to be a flight risk or a danger to the community.").

Based on the record, there is a high risk that the lack of pre-deprivation process—that is, a hearing to determine whether Petitioner in fact presents a danger or flight risk—has resulted in Petitioner's unnecessary detention.

**3. Government Interest**

As to the third *Mathews* factor, "as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a predetention hearing." *Cruz*, 2025 WL 4051129 at *4 (collecting cases). "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most 'minimal[.]' " *Sun*, 2025 WL 2730235,

at *6 (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)). "In immigration court, custody hearings are routine . . . ." *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025).

Respondents' response does not meaningfully address Petitioner's argument that due to his extended time at liberty in the United States while seeking asylum, and working pursuant to a valid employment authorization, without any criminal history, he is entitled to release under procedural due process.[2]

In sum, Petitioner has a strong interest in remaining free from confinement, there is a significant risk that Respondents' lack of constitutionally adequate procedures has resulted in his unnecessary detention, and any government interest in refusing to provide such process is minimal. The Court therefore concludes that the Government's detention of Petitioner without adequate pre-deprivation process violated due process. Because the Court concludes that Petitioner is entitled to release on procedural due process grounds, it declines to address Petitioner's remaining claims. Nothing prevents Petitioner from raising these claims again in the future, should the Government re-detain Petitioner following the procedures set forth above.

## III. Conclusion

The Court grants the Petition based on Count Three under procedural due process and dismisses the remaining counts without prejudice. The

---

[2] The absence of opposition to Petitioner's Fifth Amendment due process claim itself is a basis to grant the Petition. *See Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).

prayer for relief requests an order enjoining Respondents "from re-detaining Petitioner without a pre-deprivation hearing at which the government bears the burden of demonstrating flight risk and/or danger to the community by clear and convincing evidence." Petition at 14. However, the Petition fails to provide a legal and factual basis for ordering such prospective relief at this time.

## IV. Order

For the foregoing reasons, the Petition is GRANTED as to Count Three, and the remaining counts are dismissed without prejudice.

Petitioner Napoleon Kudzayi Jambwa (A# 242-203-544) is **ordered released** within 24 hours of this Order on the same conditions of release that existed before his detention.

At the time of release, Respondents are ordered to return to Petitioner any of Petitioner's personal belongings that were seized from him, including all identification, work authorization, or other official documents.

**Respondents are further ordered** to file, within three days of Petitioner's release, a status report confirming Petitioner's release.

IT IS SO ORDERED.

DATED: August 20, 2026

Patricia Donahue

Patricia Donahue
United States Magistrate Judge